IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| SHEREEN FAKHOURY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| ALSIP POLICE OFFICER JAMES | ) | |
| BRONGIEL (No. 66), VILLAGE OF | ) | |
| ALSIP, a municipal corporation, OAK | ) | |
| LAWN POLICE OFFICER B.P. | ) | |
| CARLSON (No. 2195), UNKNOWN OAK | ) | |
| LAWN POLICE OFFICERS, VILLAGE | ) | |
| OF OAK LAWN, a municipal corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT AT LAW

NOW COMES plaintiff, SHEREEN FAKHOURY, by and through her attorneys,

NEVILLE & MAHONEY and WALSH, FEWKES & STERBA, and complaining of defendants,

ALSIP POLICE OFFICER JAMES BRONGIEL (No. 66), VILLAGE OF ALSIP, a municipal

corporation, OAK LAWN OFFICER B.P. CARLSON (No. 2195), UNKNOWN OAK LAWN

POLICE OFFICERS, and VILLAGE OF OAK LAWN, alleges as follows:

### Introduction

1.      This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation

under color of law of Plaintiff's right as secured by the United States Constitution.

### Jurisdiction and Venue

2.      This Court has jurisdiction of the action pursuant to 28 U.S.C. §§1331 and

1343(a), the Constitution of the United States, and this Court's supplemental jurisdiction to hear

pendent State law claims under 28 U.S.C. §1367.

3.      Venue is proper under 28 U.S.C. §1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within this judicial district.

## Parties

4.      Plaintiff, Shereen Fakhoury, is a citizen and a resident of the Village of Alsip, County of Cook, State of Illinois, and United States of America.

5.      Defendant, Village of Alsip, is a duly incorporated municipal corporation within the Northern District of Illinois and is the employer and principal of defendant, Officer Brongiel.

6.      Defendant, Officer Brongiel, is a police officer and was employed by the Village of Alsip at the time of the occurrence.

7.      At all times material to this complaint, defendant, Officer Brongiel, acted within the scope of his employment and under the color of state law, ordinance and/or regulation, statues, custom and usage of the Village of Alsip.

8.      Defendant, Village of Oak Lawn, is a duly incorporated municipal corporation within the Northern District of Illinois and is the employer and principal of defendant, Officer Carlson, and the Unknown Oak Lawn Police Officers.

9.      Defendant, Officer Carlson, is a police officer and was employed by the Village of Oak Lawn at the time of the occurrence.

10.     Defendants, Unknown Oak Lawn Police Officers, are police officers employed by the Village of Oak Lawn at the time of the occurrence.

11.     At all times material to this complaint, defendant, Officer Carlson, and the Unknown Oak Lawn Police Officers, were acting in the scope of their employment and under the color of state law, ordinance and/or regulation, statutes, custom and usage of the Village of Oak Lawn.

## Background

12.     On December 13, 2013, the plaintiff, SHEREEN FAKHOURY, was arrested by the Oak Lawn Police Department for driving under the influence.

13.     Warrant #15-217W for plaintiff's arrest, stemming from the aforestated incident, was issued.

14.     On December 18, 2015, plaintiff posted the required bond and an Order was entered by the Circuit Court of Cook County declaring that warrant #15-217W had been executed.

15.     On December 18, 2015, plaintiff received a copy of the aforestated Court Order for her personal files.

16.     On November 1, 2017, defendant, OFFICER BRONGIEL, was aware of warrant #15-217W and believed plaintiff, SHEREEN FAKHOURY, was wanted by the Oak Lawn Police Department in connection with said warrant.

17.     On November 1, 2017, plaintiff, SHEREEN FAKHOURY, was not wanted for any criminal wrongdoing by the Alsip Police Department.

18.     On November 1, 2017, defendant, OFFICER BRONGIEL, drove his patrol vehicle to the plaintiff's neighborhood and parked down the street from her residence located at 12224 South 44th Place, in the Village of Alsip, County of Cook, and State of Illinois.

19.     At the time and place aforesaid, the plaintiff, SHEREEN FAKHOURY, was outside in the driveway of her residence.

20.     At the time and place aforesaid, defendant, OFFICER BRONGIEL, approached plaintiff and inquired about the disposition of warrant #15-217W.

21.     At the time and place aforesaid, defendant, OFFICER BRONGIEL, contacted Alsip dispatch to verify the status of warrant #15-217W and was advised said warrant remained outstanding.

22.     In response to defendant's inquiry, plaintiff stated that said warrant had been executed.

23.     At the time and place aforesaid, plaintiff, SHEREEN FAKHOURY, repeated and persistently advised defendant, OFFICER BRONGIEL, that she had a copy of the December 18, 2015 Court Order declaring said warrant executed and requested his permission to retrieve said Court Order from her residence.

24.     At the time and place aforesaid, defendant, OFFICER BRONGIEL, repeatedly refused to permit plaintiff to retrieve and produce the December 18, 2015 Court Order which declared warrant #15-217W had been executed.

25.     At the time and place aforesaid, defendant, OFFICER BRONGIEL, took plaintiff, SHEREEN FAKHOURY, into custody for the purpose of transferring her into the custody of the Oak Lawn Police Department.

26.     On November 1, 2017, defendant, OFFICER BRONGIEL, transported the plaintiff, SHEREEN FAKHOURY, to 111th and Cicero Avenue, at the border of the Village of Alsip and the Village of Oak Lawn.

27.     At the time and place aforesaid, defendant, OFFICER BRONGIEL, transferred custody of the plaintiff, SHEREEN FAKHOURY, to defendant, OFFICER CARLSON, of the Oak Lawn Police Department.

28.     At the time and place aforesaid, defendant, OFFICER CARLSON, contacted Oak Lawn Dispatch and was advised that warrant #15-217W was outstanding.

29.     At the time and place aforesaid, defendant, OFFICER CARLSON, took custody of plaintiff, SHEREEN FAKHOURY, to transport her to the Oak Lawn Police Department Lockup.

30.     At the time and place aforesaid, plaintiff, SHEREEN FAKHOURY, repeatedly and persistently advised defendant, OFFICER CARLSON, that warrant #15-217W had been executed and that she was in possession of the December 18, 2015 Court Order declaring that said warrant had been executed.

31.     At the time and place aforesaid, plaintiff, SHEREEN FAKHOURY, requested defendant, OFFICER CARLSON, to give her permission to contact her brother so her brother could bring the Court Order to the Oak Lawn Police Station.

32.     At the time and place aforesaid, defendant, OFFICER CARLSON, refused to allow plaintiff to contact her brother to allow her brother to bring a copy of the Court Order to the Oak Lawn Police Station.

33.     At the time and place aforesaid, plaintiff, SHEREEN FAKHOURY, advised defendant, OFFICER CARLSON, that she suffered from an anxiety disorder and was not in possession of her medication.

34.     At the time and place aforesaid, plaintiff, SHEREEN FAKHOURY, requested defendant, OFFICER CARLSON, to give her permission to contact her brother so her brother could bring her medication to the Oak Lawn Police Station.

35.     At the time and place aforesaid, defendant, OFFICER CARLSON, refused to allow plaintiff to contact her brother to allow her brother to bring her medication to the Oak Lawn Police Station.

36.     At the time and place aforesaid, defendant, OFFICER CARLSON, transported plaintiff, SHEREEN FAKHOURY, to the Oak Lawn Police Department Lockup.

37.     On November 1, 2017, plaintiff, SHEREEN FAKHOURY, arrived at the Oak Lawn Police Department Lockup and was processed.

38.     At the time and place aforesaid, plaintiff, SHEREEN FAKHOURY, repeatedly and persistently advised defendants, OFFICER CARLSON and/or UNKNOWN OAK LAWN POLICE OFFICERS, that warrant #15-217W had been executed and that she was in possession of the December 18, 2015 Court Order declaring that said warrant had been executed.

39.     At the time and place aforesaid, plaintiff, SHEREEN FAKHOURY, repeatedly and persistently requested permission from defendant, OFFICER CARLSON and/or UNKNOWN OAK LAWN POLICE OFFICERS, to contact her brother so her brother could bring the Court Order to the Oak Lawn Police Department.

40.     At the time and place aforesaid, defendant, OFFICER CARLSON and/or UNKNOWN OAK LAWN POLICE OFFICERS, repeatedly and persistently refused to allow plaintiff to contact her brother, or to contact her brother on plaintiff's behalf, to bring a copy of the Court Order to the Oak Lawn Police Station.

41.     At the time and place aforesaid, plaintiff, SHEREEN FAKHOURY, repeatedly and persistently advised defendants, OFFICER CARLSON and/or UNKNOWN OAK LAWN POLICE OFFICERS, that she suffered from an anxiety disorder and that she was not in possession of her medication.

42.     At the time and place aforesaid, police department personnel of the defendant, VILLAGE OF OAK LAWN, completed an Adult Prisoner Detention Log specifying that plaintiff, SHEREEN FAKHOURY, had possible suicidal tendencies.

43.     At the time and place aforesaid, plaintiff, SHEREEN FAKHOURY, repeatedly and persistently requested permission from defendants, OFFICER CARLSON and/or UNKNOWN OAK LAWN POLICE OFFICERS, to contact her brother so her brother could bring her anxiety medication to the Oak Lawn Police Department.

44.     At the time and place aforesaid, the defendants, OFFICER CARLSON and/or UNKNOWN OAK LAWN POLICE OFFICERS, repeatedly and persistently refused to allow plaintiff to contact her brother, or to contact her brother on plaintiff's behalf, to bring plaintiff's anxiety medication to the Oak Lawn Police Station.

45.     At approximately 12:00 p.m. on November 1, 2017, plaintiff, SHEREEN FAKHOURY, was placed into a cell at the Oak Lawn Police Department.

46.     At the time and place aforesaid, plaintiff, SHEREEN FAKHOURY, continued to advise defendants that she was in possession of the December 15, 2017 Court Order declaring warrant #15-217W executed and to request defendants contact her brother to deliver a copy of the Court Order.

47.     At the time and place aforesaid, plaintiff, SHEREEN FAKHOURY, continued to advise defendants that she suffered from an anxiety disorder and that she was not in possession

of her medication, and to request defendants contact her brother to bring her medication to the Oak Lawn Police Department.

48.　　At the time and place aforesaid, defendants, OFFICER CARLSON and/or UNKNOWN OAK LAWN POLICE OFFICERS, repeatedly refused to contact the plaintiff's brother for a copy of the Court Order and the plaintiff's medication.

49.　　At approximately 1:00 p.m. and 2:00 p.m. on November 1, 2017, plaintiff's brother contacted the Oak Lawn Police Department to advise them of the existence of the December 18, 2015 Court Order declaring warrant #15-217W had been executed.

50.　　At the time and place aforesaid, defendants, OFFICER CARLSON and/or UNKNOWN OAK LAWN POLICE OFFICERS, continued to refuse to receive said Court Order and continued to detain plaintiff.

51.　　At approximately 2:44 p.m. on November 1, 2017, plaintiff, SHEREEN FAKHOURY, complained to Oak Lawn Police Department personnel of pain in her chest and side.

52.　　At approximately 2:54 p.m. on November 1, 2017, Oak Lawn Police Department personnel transported plaintiff, SHEREEN FAKHOURY, to the emergency department of Advocate Christ Medical Center via ambulance where she was treated for an aggravation of her anxiety disorder.

53.　　At approximately 7:11 p.m. on November 1, 2017, plaintiff, SHEREEN FAKHOURY, returned to the Oak Lawn Police Department and was placed into a cell where she remained overnight.

54.　　At approximately 8:35 a.m. on November 2, 2017, plaintiff, SHEREEN FAKHOURY, appeared in the Circuit Court of Cook County pursuant to warrant #15-217W.

55.     At the time and place aforesaid, the Cook County Circuit Court Judge presiding over plaintiff's hearing noted that warrant #15-217W had been executed on December 18, 2015.

56.     At the time and place aforesaid, the Court entered an Order declaring that all warrants issued in plaintiff's cause, prior to November 2, 2017, were quashed and recalled.

57.     At the time and place aforesaid, plaintiff, SHEREEN FAKHOURY, was released from custody.

## COUNT I
## 42 U.S.C. §1983: False Arrest
## Officer James Brongiel and the Village of Alsip

58.     Plaintiff repeats and re-alleges each and every paragraph 1 through and including 57 as if fully stated herein.

59.     On November 1, 2017, defendant, OFFICER BRONGIEL, knew that plaintiff was not wanted by the Village of Alsip Police Department for any criminal wrongdoing.

60.     On November 1, 2017, defendant, OFFICER BRONGIEL, was specifically informed by the plaintiff that she could produce a Court Order which declared warrant #15-217W had been executed and was no longer outstanding.

61.     Despite this information, defendant, OFFICER BRONGIEL, repeatedly refused to permit plaintiff to produce said Court Order.

62.     As described in the preceding paragraphs, defendant, OFFICER BRONGIEL, detained and falsely arrested plaintiff without legal justification and/or probable cause.

63.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, specifically, plaintiff, SHEREEN FAKHOURY.

64. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to plaintiff's constitutional rights, specifically the Fourth and Fourteenth Amendments to the United States Constitution, and hence 42 U.S.C. §1983.

65. As a direct and proximate result of the defendants' conduct and the unjustified violation of plaintiff's rights, plaintiff, SHEREEN FAKHOURY, has suffered injury, including emotional distress.

66. As described above, defendant OFFICER BRONGIEL's conduct was undertaken within the scope of his employment such that his employer, the VILLAGE OF ALSIP, is liable for his actions.

WHEREFORE, plaintiff, SHEREEN FAKHOURY, demands judgment against both defendants designated in this Court, jointly and severally, for substantial compensatory damages in an amount that will adequately compensate plaintiff for all of the damages she has sustained, as well as for attorneys' fees pursuant to 42 U.S.C. §1988, costs and such other relief as this Court deems equitable and just. Furthermore, because the acts of defendant, OFFICER BRONGIEL, was willful, wanton, and/or malicious, plaintiff, SHEREEN FAKHOURY, demands substantial punitive damages against him.

### COUNT II
### 42 U.S.C. §1983: False Arrest
### Officer B.P. Carlson and the Village of Oak Lawn

67. Plaintiff repeats and re-alleges each and every paragraph 1 through and including 66 as if fully stated herein.

68.     On November 1, 2017, defendant, OFFICER CARLSON, was specifically informed by the plaintiff that she could produce a Court Order which declared warrant #15-217W had been executed and was no longer outstanding.

69.     Despite this information, defendant, OFFICER CARLSON, repeatedly refused to permit plaintiff to contact her brother to deliver said Court Order to the Oak Lawn Police Station.

70.     As described in the preceding paragraphs, defendant, OFFICER CARLSON, detained and falsely arrested plaintiff without legal justification and/or probable cause.

71.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, specifically, plaintiff, SHEREEN FAKHOURY.

72.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to plaintiff's constitutional rights, specifically the Fourth and Fourteenth Amendments to the United States Constitution, and hence 42 U.S.C. §1983.

73.     As a direct and proximate result of the defendants' conduct and the unjustified violation of plaintiff's rights, plaintiff, SHEREEN FAKHOURY, has suffered injury, including emotional distress.

74.     As described above, defendant OFFICER CARLSON's conduct was undertaken within the scope of his employment such that his employer, the VILLAGE OF OAK LAWN, is liable for his actions.

WHEREFORE, plaintiff, SHEREEN FAKHOURY, demands judgment against both defendants designated in this Court, jointly and severally, for substantial compensatory damages in an amount that will adequately compensate plaintiff for all of the damages she has sustained, as well as for attorneys' fees pursuant to 42 U.S.C. §1988, costs and such other relief as this

Court deems equitable and just. Furthermore, because the acts of defendant, OFFICER CARLSON, was willful, wanton, and/or malicious, plaintiff, SHEREEN FAKHOURY, demands substantial punitive damages against him.

**COUNT III**
**42 U.S.C. §1983: False Imprisonment against**
**Officer James Brongiel and the Village of Alsip**

75.     Plaintiff repeats and re-alleges each and every paragraph 1 through and including 74 as if fully stated herein.

76.     On November 1, 2017, defendant, OFFICER BRONGIEL, knew that plaintiff was not wanted by the Village of Alsip Police Department for any criminal wrongdoing.

77.     On November 1, 2017, defendant, OFFICER BRONGIEL, was specifically informed by the plaintiff that she could produce a Court Order which declared warrant #15-217W had been executed and was no longer outstanding.

78.     Despite this information, defendant, OFFICER BRONGIEL, repeatedly refused to permit plaintiff to produce said Court Order.

79.     Subsequent to the arrest of plaintiff, SHEREEN FAKHOURY, defendant, OFFICER BRONGIEL, falsely imprisoned plaintiff without legal justification and/or probable cause.

80.     Plaintiff, SHEREEN FAKHOURY, was falsely imprisoned from the time that defendant, OFFICER BRONGIEL, arrested her until the time custody of the plaintiff was transferred to defendant, OFFICER CARLSON.

81.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, specifically, plaintiff, SHEREEN FAKHOURY.

82.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to plaintiff's constitutional rights, specifically the Fourth and Fourteenth Amendments to the United States Constitution, and hence 42 U.S.C. §1983.

83.     As a direct and proximate result of defendants' conduct and the unjustified violation of plaintiff's rights, plaintiff, SHEREEN FAKHOURY, suffered injury, including emotional distress.

84.     As described above, defendant OFFICER BRONGIEL's conduct was undertaken within the scope of his employment such that his employer, the VILLAGE OF ALSIP, is liable for his actions.

WHEREFORE, plaintiff, SHEREEN FAKHOURY, demands judgment against both the defendants designated in this Count, jointly and severally, for substantial compensatory damages in an amount that will adequately compensate plaintiff for all of the damages she has sustained, as well as for attorneys' fees pursuant to 42 U.S.C. §1988, costs and other such relief as this Court deems equitable and just. Furthermore, because the acts of defendant, OFFICER BRONGIEL, was willful, wanton, and/or malicious, plaintiff, SHEREEN FAKHOURY, demands substantial punitive damages against him.

### COUNT IV
### 42 U.S.C. §1983: False Imprisonment against
### Officer B.P. Carlson and the Village of Oak Lawn

85.     Plaintiff repeats and re-alleges each and every paragraph 1 through and including 84 as if fully stated herein.

86.     On November 1, 2017, defendant, OFFICER CARLSON, was specifically informed by the plaintiff that she could produce a Court Order which declared warrant #15-217W had been executed and was no longer outstanding.

87.     On November 1, 2017, plaintiff's brother contacted the Oak Lawn Police Department twice stating that plaintiff's arrest was in error, but his assertion was ignored by members of the Oak Lawn Police Department.

88.     Despite this information, defendant, OFFICER CARLSON, repeatedly refused to permit plaintiff to contact her brother to deliver said Court Order to the Oak Lawn Police Station and to permit her brother to deliver said Court Order to the Oak Lawn Police Station.

89.     Subsequent to the arrest of plaintiff, SHEREEN FAKHOURY, defendant, OFFICER CARLSON, falsely imprisoned plaintiff without legal justification and/or probable cause.

90.     Plaintiff, SHEREEN FAKHOURY, was falsely imprisoned from the time that custody of the plaintiff was transferred to defendant, OFFICER CARLSON, until the time of her release on November 2, 2017.

91.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, specifically, plaintiff, SHEREEN FAKHOURY.

92.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to plaintiff's constitutional rights, specifically the Fourth and Fourteenth Amendments to the United States Constitution, and hence 42 U.S.C. §1983.

93.    As a direct and proximate result of defendants' conduct and the unjustified violation of plaintiff's rights, plaintiff, SHEREEN FAKHOURY, suffered injury, including emotional distress.

94.    As described above, defendant OFFICER CARLSON's conduct was undertaken within the scope of his employment such that his employer, the VILLAGE OF OAK LAWN, is liable for his actions.

WHEREFORE, plaintiff, SHEREEN FAKHOURY, demands judgment against both the defendants designated in this Count, jointly and severally, for substantial compensatory damages in an amount that will adequately compensate plaintiff for all of the damages she has sustained, as well as for attorneys' fees pursuant to 42 U.S.C. §1988, costs and other such relief as this Court deems equitable and just. Furthermore, because the acts of defendant, OFFICER CARLSON, was willful, wanton, and/or malicious, plaintiff, SHEREEN FAKHOURY, demands substantial punitive damages against him.

## COUNT V
### 42 U.S.C. §1983: False Imprisonment against
### Unknown Oak Lawn Police Officers and the Village of Oak Lawn

95.    Plaintiff repeats and re-alleges each and every paragraph 1 through and including 94 as if fully stated herein.

96.    On November 1, 2017, defendants, UNKNOWN OAK LAWN POLICE OFFICERS, were specifically informed by the plaintiff that she could produce a Court Order which declared warrant #15-217W had been executed and was no longer outstanding.

97.    On November 1, 2017, plaintiff's brother contacted the Oak Lawn Police Department twice stating plaintiff's arrest was in error, but his assertion was ignored by members of the Oak Lawn Police Department.

98.     Despite this information, defendants, UNKNOWN OAK LAWN POLICE
OFFICERS, repeatedly refused to permit plaintiff to contact her brother to deliver said Court
Order to the Oak Lawn Police Station and to permit her brother to deliver said Court Order to the
Oak Lawn Police Station.

99.     Subsequent to the arrest of plaintiff, SHEREEN FAKHOURY, defendants,
UNKNOWN OAK LAWN POLICE OFFICERS, falsely imprisoned plaintiff without legal
justification and/or probable cause.

100.    Plaintiff, SHEREEN FAKHOURY, was falsely imprisoned from the time she
arrived at the Oak Lawn Police Department Lockup until the time of her release on November 2,
2017.

101.    The misconduct described in this Count was undertaken with malice, willfulness,
and reckless indifference to the rights of others, specifically, plaintiff, SHEREEN FAKHOURY.

102.    The misconduct described in this Count was objectively unreasonable and was
undertaken intentionally with willful indifference to plaintiff's constitutional rights, specifically
the Fourth and Fourteenth Amendments to the United States Constitution, and hence 42 U.S.C.
§1983.

103.    As a direct and proximate result of defendants' conduct and the unjustified
violation of plaintiff's rights, plaintiff, SHEREEN FAKHOURY, suffered injury, including
emotional distress.

104.    As described above, defendants UNKNOWN OAK LAWN POLICE OFFICER's
conduct was undertaken within the scope of their employment such that their employer, the
VILLAGE OF OAK LAWN, is liable for their actions.

WHEREFORE, plaintiff, SHEREEN FAKHOURY, demands judgment against the defendants designated in this Count, jointly and severally, for substantial compensatory damages in an amount that will adequately compensate plaintiff for all of the damages she has sustained, as well as for attorneys' fees pursuant to 42 U.S.C. §1988, costs and other such relief as this Court deems equitable and just. Furthermore, because the acts of defendants, UNKNOWN OAK LAWN POLICE OFFICERS, were willful, wanton, and/or malicious, plaintiff, SHEREEN FAKHOURY, demands substantial punitive damages against them.

**COUNT VI**
**42 U.S.C. §1983: Denial of Medical Care**
**Officer B.P. Carlson and the Village of Oak Lawn**

105.    Plaintiff repeats and re-alleges each and every paragraph 1 through and including 104 as if fully stated herein.

106.    On November 1, 2017, defendant, OFFICER CARLSON, was specifically informed by the plaintiff that she suffered from an anxiety disorder and that she was not in possession of her medication.

107.    On November 1, 2017, police department personnel of the defendant, VILLAGE OF OAK LAWN, completed an Adult Prisoner Detention Log specifying that plaintiff, SHEREEN FAKHOURY, had possible suicidal tendencies.

108.    Despite this information, defendant, OFFICER CARLSON, repeatedly refused to permit plaintiff to contact her brother to deliver her medication to the Oak Lawn Police Station.

109.    After being placed in a cell at approximately 12:00 p.m., at 2:44 p.m., plaintiff, SHEREEN FAKHOURY, complained of pain in her chest and side and was transported to Advocate Christ Medical Center where she was diagnosed with an aggravation of her anxiety disorder.

110.    Defendant, OFFICER CARLSON, denied plaintiff access to her medication without legal justification.

111.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, specifically, plaintiff, SHEREEN FAKHOURY.

112.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful and deliberate indifference to a serious medical need and to plaintiff's constitutional rights, specifically the Fourth and Fourteenth Amendments to the United States Constitution, and hence 42 U.S.C. §1983.

113.    As a direct and proximate result of defendants' conduct and the unjustified violation of plaintiff's rights, plaintiff, SHEREEN FAKHOURY, sustained pecuniary damages for hospital treatment, and suffered injury, including emotional distress.

114.    As described above, defendant OFFICER CARLSON's conduct was undertaken within the scope of his employment such that his employer, the VILLAGE OF OAK LAWN, is liable for his actions.

WHEREFORE, plaintiff, SHEREEN FAKHOURY, demands judgment against both defendants designated in this Count, jointly and severally, for substantial compensatory damages in an amount that will adequately compensate plaintiff for all of the damages she has sustained, as well as for attorneys' fees pursuant to 42 U.S.C. §1988, costs and other such relief as this Court deems equitable and just. Furthermore, because the acts of defendant, OFFICER CARLSON, was willful, wanton, and/or malicious, plaintiff, SHEREEN FAKHOURY, demands substantial punitive damages against him.

## COUNT VII
### 42 U.S.C. §1983: Denial of Medical Care
### Unknown Oak Lawn Police Officers and the Village of Oak Lawn

115.    Plaintiff repeats and re-alleges each and every paragraph 1 through and including 114 as if fully stated herein.

116.    On November 1, 2017, defendants, UNKNOWN OAK LAWN POLICE OFFICERS, were specifically informed by the plaintiff that she suffered from an anxiety disorder and that she was not in possession of her medication.

117.    On November 1, 2017, police department personnel of the defendant, VILLAGE OF OAK LAWN, completed an Adult Prisoner Detention Log specifying that plaintiff, SHEREEN FAKHOURY, had possible suicidal tendencies.

118.    Despite this information, defendants, UNKNOWN OAK LAWN POLICE OFFICERS, repeatedly refused to permit plaintiff to contact her brother to deliver her medication to the Oak Lawn Police Station.

119.    After being placed in a cell at approximately 12:00 p.m., at 2:44 p.m., plaintiff, SHEREEN FAKHOURY, complained of pain in her chest and side and was transported to Advocate Christ Medical Center where she was diagnosed with an aggravation of her anxiety disorder.

120.    Defendants, UNKNOWN OAK LAWN POLICE OFFICERS, denied plaintiff access to her medication without legal justification.

121.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, specifically, plaintiff, SHEREEN FAKHOURY.

122.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful and deliberate indifference to a serious medical need and to plaintiff's constitutional rights, specifically the Fourth and Fourteenth Amendments to the United States Constitution, and hence 42 U.S.C. §1983.

123.    As a direct and proximate result of defendants' conduct and the unjustified violation of plaintiff's rights, plaintiff, SHEREEN FAKHOURY, sustained pecuniary damages for hospital treatment, and suffered injury, including emotional distress.

124.    As described above, defendants UNKNOWN OAK LAWN POLICE OFFICERS' conduct was undertaken within the scope of their employment such that their employer, the VILLAGE OF OAK LAWN, is liable for their actions.

WHEREFORE, plaintiff, SHEREEN FAKHOURY, demands judgment against the defendants designated in this Count, jointly and severally, for substantial compensatory damages in an amount that will adequately compensate plaintiff for all of the damages she has sustained, as well as for attorneys' fees pursuant to 42 U.S.C. §1988, costs and other such relief as this Court deems equitable and just. Furthermore, because the acts of defendant, UNKNOWN OAK LAWN POLICE OFFICERS, were willful, wanton, and/or malicious, plaintiff, SHEREEN FAKHOURY, demands substantial punitive damages against them.

## COUNT VIII
### State Law Claim: Intentional Infliction of Emotional Distress
### Against Officer Brongiel and the Village of Alsip

125.    Plaintiff repeats and re-alleges each and every paragraph 1 through and including 124 as if fully stated herein.

126.    The acts and conduct of defendant, OFFICER BRONGIEL, as set forth above were extreme and outrageous.

127.     Defendant, OFFICER BRONGIEL, intended to cause, or was in reckless disregard of the probability that his conduct would cause severe emotional distress to plaintiff, SHEREEN FAKHOURY.

128.     Defendant, OFFICER BRONGIEL's conduct was undertaken with malice, willfulness, and reckless indifference to the rights and well-being of plaintiff, SHEREEN FAKHOURY.

129.     Said actions and conduct did directly and proximately cause plaintiff, SHEREEN FAKHOURY, to suffer various severe emotional distress and physical injury.

130.     As described above, defendant OFFICER BRONGIEL's conduct was undertaken within the scope of his employment such that his employer, the VILLAGE OF ALSIP, is liable for his actions.

WHEREFORE plaintiff, SHEREEN FAKHOURY, demands judgment against both defendants designated in this Court, jointly and severally, for substantial compensatory damages in an amount that will adequately compensate her for all of the damages she has sustained, as well as costs, and such other relief as this Court deems equitable and just. Furthermore, because the acts of defendant, OFFICER BRONGIEL, was willful, wanton, and/or malicious, plaintiff demands substantial punitive damages against him.

### COUNT IX
### State Law Claim: Intentional Infliction of Emotional Distress
### Against Officer Carlson, Unknown Oak Lawn Police Officers
### and the Village of Oak Lawn

131.     Plaintiff repeats and re-alleges each and every paragraph 1 through and including 130 as if fully stated herein.

132.     The acts and conduct of defendants, OFFICER CARLSON and UNKNOWN OAK LAWN POLICE OFFICERS, as set forth above were extreme and outrageous.

133.    Defendants, OFFICER CARLSON and UNKNOWN OAK LAWN POLICE OFFICERS, intended to cause, or was in reckless disregard of the probability that their conduct would cause severe emotional distress to plaintiff, SHEREEN FAKHOURY.

134.    Defendant, OFFICER CARLSON and UNKNOWN OAK LAWN POLICE OFFICERS' conduct was undertaken with malice, willfulness, and reckless indifference to the rights and well-being of plaintiff, SHEREEN FAKHOURY.

135.    Said actions and conduct did directly and proximately cause plaintiff, SHEREEN FAKHOURY, to suffer various severe emotional distress and physical injury.

136.    As described above, defendants OFFICER CARLSON and UNKNOWN OAK LAWN POLICE OFFICERS' conduct was undertaken within the scope of their employment such that their employer, the VILLAGE OF OAK LAWN, is liable for their actions.

WHEREFORE plaintiff, SHEREEN FAKHOURY, demands judgment against the defendants designated in this Court, jointly and severally, for substantial compensatory damages in an amount that will adequately compensate her for all of the damages she has sustained, as well as costs, and such other relief as this Court deems equitable and just. Furthermore, because the acts of defendants, OFFICER CARLSON and UNKNOWN OAK LAWN POLICE OFFICERS, were willful, wanton, and/or malicious, plaintiff demands substantial punitive damages against them.

### COUNT X
### State Law Claim: False Imprisonment against
### Officer James Brongiel and the Village of Alsip

137.    Plaintiff repeats and re-alleges each and every paragraph 1 through and including 136 as if fully stated herein.

138.    On November 1, 2017, defendant, OFFICER BRONGIEL, knew that plaintiff was not wanted by the Village of Alsip Police Department for any criminal wrongdoing.

139.    On November 1, 2017, defendant, OFFICER BRONGIEL, was specifically informed by the plaintiff that she could produce a Court Order which declared warrant #15-217W had been executed and was no longer outstanding.

140.    Despite this information, defendant, OFFICER BRONGIEL, repeatedly refused to permit plaintiff to produce said Court Order.

141.    Despite this information, defendant, OFFICER BRONGIEL, restrained and arrested plaintiff without reasonable ground to believe that the plaintiff had committed any offense.

142.    Subsequent to the arrest of plaintiff, SHEREEN FAKHOURY, defendant, OFFICER BRONGIEL, continued to restrain plaintiff without reasonable grounds to believe that plaintiff had committed any offense.

143.    Plaintiff, SHEREEN FAKHOURY, was falsely imprisoned from the time that defendant, OFFICER BRONGIEL, arrested her until the time custody of the plaintiff was transferred to defendant, OFFICER CARLSON.

144.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, specifically, plaintiff, SHEREEN FAKHOURY.

145.    Said actions and conduct did directly and proximately cause plaintiff, SHEREEN FAKHOURY, to suffer emotional distress and physical injury.

146.    As described above, defendant OFFICER BRONGIEL's conduct was undertaken within the scope of his employment such that his employer, the VILLAGE OF ALSIP, is liable for his actions.

WHEREFORE, plaintiff, SHEREEN FAKHOURY, demands judgment against both the defendants designated in this Count, jointly and severally, for substantial compensatory damages in an amount that will adequately compensate plaintiff for all of the damages she has sustained, as well as costs, and other such relief as this Court deems equitable and just. Furthermore, because the acts of defendant, OFFICER BRONGIEL, was willful, wanton, and/or malicious, plaintiff, SHEREEN FAKHOURY, demands substantial punitive damages against him.

## COUNT XI
### State Law Claim: False Imprisonment against
### Officer B.P. Carlson and the Village of Oak Lawn

147.    Plaintiff repeats and re-alleges each and every paragraph 1 through and including 146 as if fully stated herein.

148.    On November 1, 2017, defendant, OFFICER CARLSON, was specifically informed by the plaintiff that she could produce a Court Order which declared warrant #15-217W had been executed and was no longer outstanding.

149.    On November 1, 2017, plaintiff's brother contacted the Oak Lawn Police Department twice stating that plaintiff's arrest was in error, but his assertion was ignored by members of the Oak Lawn Police Department.

150.    Despite this information, defendant, OFFICER CARLSON, repeatedly refused to permit plaintiff to contact her brother to deliver said Court Order to the Oak Lawn Police Station and to permit her brother to deliver said Court Order to the Oak Lawn Police Station.

151.    Despite this information, defendant, OFFICER CARLSON, restrained and arrested plaintiff without reasonable ground to believe that the plaintiff had committed any offense.

152. Subsequent to the arrest of plaintiff, SHEREEN FAKHOURY, defendant, OFFICER CARLSON, continued to restrain plaintiff without reasonable grounds to believe that plaintiff had committed any offense.

153. Plaintiff, SHEREEN FAKHOURY, was falsely imprisoned from the time that custody of the plaintiff was transferred to defendant, OFFICER CARLSON, until the time of her release on November 2, 2017.

154. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, specifically, plaintiff, SHEREEN FAKHOURY.

155. Said actions and conduct did directly and proximately cause plaintiff, SHEREEN FAKHOURY, to suffer emotional distress and physical injury.

156. As described above, defendant OFFICER CARLSON's conduct was undertaken within the scope of his employment such that his employer, the VILLAGE OF OAK LAWN, is liable for his actions.

WHEREFORE, plaintiff, SHEREEN FAKHOURY, demands judgment against both the defendants designated in this Count, jointly and severally, for substantial compensatory damages in an amount that will adequately compensate plaintiff for all of the damages she has sustained, as well as costs, and other such relief as this Court deems equitable and just. Furthermore, because the acts of defendant, OFFICER CARLSON, was willful, wanton, and/or malicious, plaintiff, SHEREEN FAKHOURY, demands substantial punitive damages against him.

## COUNT XII
### State Law Claim: False Imprisonment against
### Unknown Oak Lawn Police Officers and the Village of Oak Lawn

157. Plaintiff repeats and re-alleges each and every paragraph 1 through and including 156 as if fully stated herein.

158.    On November 1, 2017, defendants, UNKNOWN OAK LAWN POLICE OFFICERS, were specifically informed by the plaintiff that she could produce a Court Order which declared warrant #15-217W had been executed and was no longer outstanding.

159.    On November 1, 2017, plaintiff's brother contacted the Oak Lawn Police Department twice stating plaintiff's arrest was in error, but his assertion was ignored by members of the Oak Lawn Police Department.

160.    Despite this information, defendants, UNKNOWN OAK LAWN POLICE OFFICERS, repeatedly refused to permit plaintiff to contact her brother to deliver said Court Order to the Oak Lawn Police Station and to permit her brother to deliver said Court Order to the Oak Lawn Police Station.

161.    Despite this information, defendants, UNKNOWN OAK LAWN POLICE OFFICERS, restrained and arrested plaintiff without reasonable ground to believe that the plaintiff had committed any offense.

162.    Subsequent to the arrest of plaintiff, SHEREEN FAKHOURY, defendants, UNKNOWN OAK LAWN POLICE OFFICERS, continued to restrain plaintiff without reasonable grounds to believe that plaintiff had committed any offense.

163.    Plaintiff, SHEREEN FAKHOURY, was falsely imprisoned from the time she arrived at the Oak Lawn Police Department Lockup until the time of her release on November 2, 2017.

164.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, specifically, plaintiff, SHEREEN FAKHOURY.

165.    Said actions and conduct did directly and proximately cause plaintiff, SHEREEN FAKHOURY, to suffer emotional distress and physical injury.

166.     As described above, defendants UNKNOWN OAK LAWN POLICE OFFICER's conduct was undertaken within the scope of their employment such that their employer, the VILLAGE OF OAK LAWN, is liable for their actions.

WHEREFORE, plaintiff, SHEREEN FAKHOURY, demands judgment against the defendants designated in this Count, jointly and severally, for substantial compensatory damages in an amount that will adequately compensate plaintiff for all of the damages she has sustained, as well as costs, and other such relief as this Court deems equitable and just. Furthermore, because the acts of defendants, UNKNOWN OAK LAWN POLICE OFFICERS, were willful, wanton, and/or malicious, plaintiff, SHEREEN FAKHOURY, demands substantial punitive damages against them.

### COUNT XIII
### State Law Claim: *Respondeat Superior*
### Against the Village of Alsip

167.     Plaintiff repeats and re-alleges each and every paragraph 1 through and including 166 as if fully stated herein.

168.     In committing the acts alleged in the preceding paragraphs, defendant, OFFICER BRONGIEL, was a member and agent of the Village of Alsip acting at all relevant times within the scope of his employment.

169.     Defendant, VILLAGE OF ALSIP, is liable as principal for all the State law torts committed by its agent.

WHEREFORE, plaintiff, SHEREEN FAKHOURY, demands judgment against defendant, VILLAGE OF ALSIP, for substantial compensatory damages in an amount in excess of FIFTY THOUSAND AND ONE ($50,001.00) DOLLARS that will adequately compensate

the plaintiff for all of the damages she sustained, as well as costs, and such other relief as this Court deems equitable and just.

## COUNT XIV
### State Law Claim: *Respondeat Superior*
### Against the Village of Oak Lawn

170.    Plaintiff repeats and re-alleges each and every paragraph 1 through and including 169 as if fully stated herein.

171.    In committing the acts alleged in the preceding paragraphs, defendants, OFFICER CARLSON and UNKNOWN OAK LAWN POLICE OFFICERS, were members and agents of the Village of Alsip acting at all relevant times within the scope of their employment.

172.    Defendant, VILLAGE OF OAK LAWN, is liable as principal for all the State law torts committed by its agents.

WHEREFORE, plaintiff, SHEREEN FAKHOURY, demands judgment against defendant, VILLAGE OF ALSIP, for substantial compensatory damages in an amount in excess of FIFTY THOUSAND AND ONE ($50,001.00) DOLLARS that will adequately compensate the plaintiff for all of the damages she sustained, as well as costs, and such other relief as this Court deems equitable and just.

## COUNT XV
### State Law Claim: Indemnification
### Against the Village of Alsip

173.    Plaintiff repeats and re-alleges each and every paragraph 1 through and including 172 as if fully stated herein.

174.    Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

175.     Defendant, OFFICER BRONGIEL, is an employee of the Village of Alsip Police Department, who acted within the scope of his employment in committing the misconduct described herein.

WHEREFORE, pursuant to 745 ILCS 10/9-102, plaintiff, SHEREEN FAKHOURY, demands judgment against the Village of Alsip in amounts awarded to the plaintiff against the individual defendant as compensatory damages, attorneys' fees, costs and other such relief as this Court deems equitable and just.

**COUNT XVI**
**State Law Claim: Indemnification**
**Against the Village of Oak Lawn**

176.     Plaintiff repeats and re-alleges each and every paragraph 1 through and including 175 as if fully stated herein.

177.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

178.     Defendants, OFFICER CARLSON and UNKNOWN OAK LAWN POLICE OFFICERS, are employees of the Village of Oak Lawn Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, pursuant to 745 ILCS 10/9-102, plaintiff, SHEREEN FAKHOURY, demands judgment against the Village of Alsip in amounts awarded to the plaintiff against the individual defendants as compensatory damages, attorneys' fees, costs and other such relief as this Court deems equitable and just.

## Jury Demand

Plaintiff, SHEREEN FAKHOURY, hereby demands a trial by jury pursuant to Federal

Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

S/ Terence J. Mahoney
One of the Attorneys for Plaintiff

Terence J. Mahoney
NEVILLE & MAHONEY
221 North LaSalle Street
Suite 2150
Chicago, IL 60601
(312) 236-2100
tmahoney@nevillemahoney.com
ARDC 01734946

Walsh, Fewkes & Sterba
7420 West College Drive
Palos Heights, IL 60463
(708) 448-3401